[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by Defendant Danny R. Trent ("Appellant") from a judgement of the Court of Common Pleas of Allen County denying a motion to modify Defendant's sentence in accordance with the sentencing laws created by Senate Bill 2.
On June 28, 1996, Appellant was involved in a traffic accident wherein he lost control of his vehicle and struck a tree. Although Appellant sustained only minor injuries, Appellant's passenger, Tonya K. Clemons, died shortly thereafter as a result of the crash. Officers who arrived on the scene suspected that Appellant was under the influence of alcohol. A subsequent blood sample analysis revealed that Defendant's blood alcohol level was at .24 percent approximately one hour after the accident.
On August 15, 1996, Appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A) 
(C), a third degree felony.[1] Appellant subsequently pled guilty to the charge. On December 10, 1996, the trial court sentenced Appellant to serve an indefinite prison term of four to ten years.
Appellant then filed a motion to modify said sentence arguing that the court should have sentenced him under the new laws set out in Senate Bill 2, which became effective July 1, 1996. On December 19, 1997, the trial court issued an entry denying Appellant's motion. Said entry stated that Senate Bill 2 did not apply to individuals who committed offenses prior to July 1, 1996. Appellant has filed a timely appeal to the decision and asserts one assignment of error for our review:
 The court errored [sic] in its reliance upon the void enactment of Section 3 of S.B. 269 to deny the Defendant's motion to elect to be sentenced to [sic] the law in effect at the time of sentencing pursuant to the Ohio Revised Code Section 1.58(B) which was in full force and effect at the time Appellant was sentenced, thus denying a remedy and equal protection of the law for all persons.
Appellant essentially argues that a defendant who commits an offense prior to July 1, 1996, but is sentenced after said date should be entitled to a modification of sentence in accordance with Senate Bill 2. We have recently addressed the same issue and sustain the judgment of the trial court pursuant to our holding inState v. Quevedo (Mar. 25, 1998), Van Wert App. No. 15-97-13, unreported.
Appellant's assignment of error is overruled.
Having found no error prejudical to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT and HADLEY, J.J., concur.
[1] Appellant was also indicted on the following charges: one count of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1); one count of driving while under the influence of alcohol in violation of R.C.4511.19(A)(2); one count of driving while under suspension in violation of R.C. 4507.02(D)(2). Said charges, which are all classified as misdemeanors of the first degree, were subsequently dismissed.